UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PRINCETON ENERGY, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-1807** |
| **GRAND GULF ENERGY, INC.** **and GG OIL & GAS I, INC.** | **SECTION: "C" (2)** |

## ORDER

Before the Court is defendants' Motion for Reconsideration of the Court's previous denial of defendants' Motion to allow Jurisdictional Discovery. Rec. Doc. 13. For the reasons discussed herein, the Court GRANTS defendants' motion.

The procedure for determining issues of jurisdiction is within the discretion of the trial court. *Opelika Nursing Home, Inc. v. Richardson*, 448 F.2d 658, 667 (5th Cir. 1971). In the instant motion, defendants aver that although plaintiff, Princeton Energy, Inc. ("Princeton") states that its principal place of business is in Texas, it has recently filed an application for registration of a foreign for-profit corporation with the Texas Secretary of State that lists its principal office as being located in Washington, D.C. Rec. Doc. 13-1 at 2. Defendants have attached a copy of this application as an exhibit to the memorandum. Rec. Doc. 13-2. Other exhibits provided by the defendants raise further questions about whether Princeton's corporate headquarters are in fact in Houston, Texas, as Princeton claims. For instance, the mailing address listed in the records of the

Texas Office of the Comptroller is a Washington, D.C. address, and Princeton has designated an agent for service of process in Austin, Texas, which suggests it may not have a permanent office or employees in Texas. Rec. Doc. 13-2. Considering the parties' memoranda, the Court is satisfied that limited discovery would be likely to uncover facts relevant to determining the citizenship of plaintiff, Princeton Energy, Inc. ("Princeton").

Princeton argues that the Court should treat this motion to reconsider as a motion for relief from judgment pursuant to Rule 60, and that defendants have failed to show that Princeton was not a Texas citizen on June 5, 2014, the date of the filing of this complaint. Rec. Doc. 14. However, the Fifth Circuit has previously stated that "there is no statutory direction for procedure upon an issue of jurisdiction" and therefore "the mode of its determination is left to the trial court." *Opelika Nursing Home, Inc. v. Richardson*, 448 F.2d at 667. Furthermore, the documents cited to by defendants date from before and after the filing of the complaint, raising doubt about Princeton's citizenship at the time of filing. Thus, the Court finds that limited discovery will clarify this issue and aid in its ruling on whether remand is appropriate.

Accordingly,

IT IS ORDERED that for the foregoing reasons, the Court GRANTS defendants' motion for reconsideration. Defendants may conduct limited discovery on the issue of the location of Princeton's principal place of business.

IT IS FURTHER ORDERED that the deadline for defendants to respond to the motion to

remand is reset to January 5, 2015 to allow time to conduct jurisdictional discovery.

New Orleans, Louisiana, this 2nd day of December, 2014.

                                            **HELEN G. BERRIGAN**
                                            **UNITED STATES DISTRICT JUDGE**